IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KARL ROBERT CARTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 4:20-cv-00586-DGK |
| | ) | Crim. No. 4:14-cr-00193-DGK-01 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS MOVANT'S SECTION 2255 MOTION TO VACACTE, SET ASIDE, OR CORRECT HIS SETENCE**

Now before the Court is Karl Robert Carter's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Civ. Case, ECF No. 1.[1] He argues he should be resentenced because the Court erred by denying him an acceptance-of-responsibility sentencing reduction based on a criminal charge from another case that was later dismissed. The Government moves to dismiss with prejudice Movant's motion as: (1) untimely; (2) barred by the collateral attack waiver in Movant's plea agreement; and (3) not cognizable under Section 2255 because his sentence was below the statutory maximum. ECF No. 17.

The Government's motion to dismiss is GRANTED because Movant's motion is untimely. Even if the Court entertained Movant's motion on the merits, it must be DENIED because his claim is barred by his collateral attack waiver and is not cognizable under Section 2255.

**Background**

On July 8, 2014, Movant was indicted for: (1) possessing with intent to distribute methamphetamine, heroin, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and

---

[1] The Court refers to the docket entries in Movant's civil case as "Civ. Case, ECF No. __," and it refers to the docket entries in Movant's criminal case as "Crim. Case, ECF No. __."

(b)(1)(C); and (2) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Case, ECF No. 13. On June 4, 2015, Movant pled guilty via a written plea agreement to the lesser-included offense charged in Count 1: Aiding and abetting the possession of methamphetamine, heroin, and cocaine with intent to distribute. Crim. Case, ECF No. 53. That agreement contained an appellate and collateral attack waiver that states:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) an ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

*Id.* at ¶ 15(b). The agreement also contained a provision that required the Government to file a motion at sentencing for a three-level reduction of the Sentencing Guidelines for acceptance of responsibility unless, among other things, Movant "attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility." *Id.* at ¶ 10(e).

The presentence investigation report ("PSR") included a three-level acceptance-of-responsibility reduction. Crim. Case, ECF No. 64 at ¶¶ 22–23. After the PSR's release, but before sentencing, Movant was indicted in the United States District Court for the District of Kansas for various drug-related offenses that allegedly occurred in the detention facility where Movant was being held pending his sentencing in this case. *See United States v. Black*, 2:16-cr-20032-JAR, ECF No. 52 (D. Kan. May 4, 2016) (hereinafter "*Black*"). Shortly after the indictment in *Black*, the Probation Office here filed a PSR addendum that notified the Court of Movant's indictment and recommended removing Movant's acceptance-of-responsibility reduction because of those charges. Crim. Case, ECF No. 87.

2

On May 23, 2016, the Court held a sentencing hearing. Movant objected to the denial of the acceptance-of-responsibility reduction in the PSR addendum. Crim. Case, ECF No. 103 at 4:14–5:15. The Government responded that Movant was not entitled to that reduction since he violated the plea agreement by engaging in conduct that led to the indictment in *Black*. *Id.* at 5:18–6:03. The Court overruled Movant's objection, finding that the indictment in *Black* for drug-related offenses was inconsistent with an acceptance-of-responsibility reduction. *Id.* at 6:04–12. But the Court still explicitly considered Movant's acceptance of responsibility in balancing the Section 3553(a) factors later in sentencing. *Id.* at 24:09–24. The Court ultimately sentenced Movant to 230 months' imprisonment, which was below the statutory maximum sentence of 240 months' imprisonment requested by the Government. *Id.* at 7:07–20, 25:09. Movant did not file a direct appeal, so his conviction became final on June 7, 2016, fourteen days after sentencing.

In August 2016, *Black* took an unexpected turn. The Federal Public Defender's Office for the District of Kansas alleged that the Government had access to attorney-client communications recorded at the detention facility where Movant was held before sentencing. *Black*, 2:16-cr-20032-JAR, ECF No. 82. The *Black* court appointed a special master to investigate those allegations. *Id.*, ECF No. 146.

On March 16, 2017, the special master found that the attorney-client conference rooms at the detention facility recorded video—but not audio—of attorney-client meetings. *Id.*, ECF No. 214 at 2. The special master also found that all prisoner phone calls are recorded, unless they are marked "private" because they belong to attorneys. *Id.* at 11. In an earlier report, on December 21, 2016, the special master had found that some phone calls between attorneys and clients had been recorded. *Id.*, ECF No. 187. Movant's attorneys in *Black* and this case were on the list of attorneys who had calls recorded at some point. *Id.* at 5. These issues received extensive local

3

and some national media coverage in August and September 2016. *See, e.g.,* Kevin Murphy, U.S. Judge to Order Review of Prison Recordings after Complaints, https://finance.yahoo.com/news/u-judge-order-review-prison-224828110.html (last visited October 13, 2022); Civ. Case, ECF No. 9 at 5 (collecting other news articles).

On December 17, 2017, Movant filed a motion to dismiss the indictment in *Black* based on the results of the investigation. *Black*, 2:16-cr-20032-JAR, ECF No. 333. The Government did not oppose that motion. Movant did not file a motion in this case to vacate at that time. On August 13, 2019, the *Black* court granted Movant's motion as "unopposed," specifically noting that it was not deciding the merits. *Id.*, ECF No. 758, at 145 n.516, 187.

On July 22, 2020, Movant filed the instant pro se motion to vacate under 28 U.S.C. § 2255. On September 21, 2020, the Government moved to dismiss that motion as untimely. Civ. Case, ECF No. 9. Movant filed a pro se response on October 9, 2020. *Id.*, ECF No. 11. The Court later appointed him counsel, *id.*, ECF No. 13, and that counsel then filed an amended response to the motion to dismiss, *id.*, ECF No. 16. The amended response clarifies Movant's allegations from his motion to vacate and responds to the Government's motion to dismiss. *Id.*, ECF No. 16. The Government then filed a reply. *Id.*, ECF No. 17.

**Standard**

A motion under Section 2255 provides "federal prisoners with a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (internal quotation marks omitted). This remedy, however, is only available for jurisdictional and constitutional errors as well as errors of law that constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation marks omitted). A Section 2255 claim is not cognizable for "ordinary questions of guideline interpretation falling short of the

miscarriage of justice standard." *Id*. To the contrary, only sentences that are "imposed without, or in excess of, statutory authority" may be challenged under this provision. *Id*. at 705.

A one-year limitations period applies to Section 2225 motions. *See Odie v. United States*, 42 F.4th 940, 945 (8th Cir. 2022). As relevant here, the limitations period runs from the earlier of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). The latter provision applies if the movant: (1) shows the existence of a new fact; and (2) demonstrates diligence to discover the new fact. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

**Discussion**

The Government argues that Movant's motion must be dismissed as untimely. Alternatively, it argues that Movant's claim (1) is barred by the collateral attack waiver in his plea agreement; and (2) is not cognizable under *Sun Bear* since he was sentenced below the statutory maximum. The Court addresses each issue in turn.

**I.      Movant's motion is untimely.**

The Government first argues that Movant's motion is untimely because he filed it several years after his conviction had become final. Movant responds that his motion was filed within one year of the *Black* court dismissing the indictment against him and, at the very least, the Court should equitably toll the statute of limitations until the date the indictment was dismissed.

Movant's motion is untimely. Movant's conviction became final on June 7, 2016, but he did not file the instant motion until July 22, 2020. The motion is clearly untimely under Section 2255(f)(1) since it was filed more than a year after his conviction became final.

5

That leaves the issue of whether Movant's motion is timely under Section 2255(f)(4). The Court finds that it is not. Movant makes clear throughout his opposition that the basis for his motion is not prosecutorial misconduct by the attorneys here. Rather, his only argument is that this Court erred *at sentencing* by relying solely on the *Black* indictment instead of conducting a more thorough "fact-intensive" analysis regarding the conduct that led to the indictment. ECF No. 16 at 4–7. Thus, the "fact" that gives rise to his claim—the Court's use of an indictment to deny an acceptance-of-responsibility reduction—was known at sentencing in 2016. Since the use of the indictment at sentencing is the issue that Movant challenges here, the dismissal of the indictment in 2019 does not help him. The Court, thus, finds that Plaintiff does not satisfy Section 2255(f)(4) because the "facts" underlying his claim were known or could have been known in 2016. *See Anjulo-Lopez*, 541 F.3d at 817.[2]

Nor does the Court find that equitable tolling is appropriate here. That doctrine applies where "extraordinary circumstances beyond a prisoner's control prevent timely filing" and "the prisoner has demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1093–1095 (8th Cir. 2005). Movant has not shown any extraordinary circumstances that prevented him from filing earlier, and Movant was not diligent in pursuing this matter. Movant knew the facts underlying his claim in 2016 and 2017, yet he waited to file until 2020.

The Court, thus, finds that Movant's motion is untimely.

---

[2] Even if the alleged misconduct in *Black* were "facts" supporting this claim here, Movant's motion would still be untimely. Movant knew those facts, at the very latest, in 2017 when he filed his detailed motion to dismiss the indictment. So he should have filed this motion within one year of filing his motion to dismiss the indictment.

6

## II. Movant's claim is barred by his collateral attack waiver.

The Government also argues that Movant's claim is barred by the waiver in his plea agreement that precludes collateral attacks for anything other than ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence.

The Government is correct. A criminal defendant "may waive the right to seek collateral relief under § 2255." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Id.* All these requirements are met here. First, Movant makes clear that he is challenging the Court's alleged error regarding its application of the Sentencing Guidelines; he does not argue that the sentence was in excess of the statutory maximum or otherwise illegal. Second, Movant voluntarily and knowingly entered into this plea agreement and waiver. Third, no miscarriage of justice will result because, as discussed below, Movant's claim is not cognizable under Section 2255.

The Court, thus, finds that even if Movant's claim was timely, it is barred by his collateral attack waiver.

## III. Movant's claim is not cognizable under Section 2255.

According to the Government, even if Movant's claim could escape the previous two bars, it still is not cognizable under Section 2255 since Movant does not argue that his sentence was "illegal." Rather, he argues only that the Court misapplied the Sentencing Guidelines.

The Court agrees. Movant's claim is exactly the type of claim that the Eighth Circuit has made clear is not cognizable under Section 2255. Movant argues that he should have received an acceptance-of-responsibility *guideline* reduction; he does not argue that his ultimate sentence was

illegal. And that is because he cannot make such an argument here. The statutory maximum for Movant was 240 months' imprisonment, but he received 230 months' imprisonment. So his sentence was not illegal or unlawful. *See Sun Bear*, 644 F.3d at 705.

And in fashioning that sentence under Section 3553(a), the Court considered his acceptance of responsibility. The Court found that although the other facts and factors arguably warranted a statutory maximum sentence of 240-months' imprisonment, the Court ultimately sentenced him to 230-months' imprisonment due to his acceptance of responsibility. *See* Crim Case, ECF No. 103 at 21–25 (outlining the factors that supported a maximum sentence but noting how his acceptance of responsibility mitigated it). Therefore, even if the Court somehow erred in its guideline calculations, the 3553(a) factors—including his acceptance of responsibility—supported the 230-month sentence. And the Court would impose that same sentence today even in absence of the *Black* indictment.

**IV.   A hearing is not warranted on Movant's motion.**

A Section 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *See Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003); *see also Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) ("A Section 2255 movant is entitled to an evidentiary hearing…unless the motion, files, and record conclusively show he is entitled to relief."). The first prong applies here. Movant has clarified that he is solely challenging the Court's refusal to apply the acceptance-of-responsibility reduction but, even if Movant were right that the Court erred in this ruling, it would not entitle him to relief

because he was still sentenced below the statutory maximum based on the Court's proper application of the Section 3553(a) factors. Movant, thus, is not entitled to a hearing.

## V. A certificate of appealability will not be issued.

Movant can only appeal if a certificate of appealability is issued by this Court or a circuit judge. *See* 28 U.S.C. § 2253(c)(1)(B). Since Movant has not made a substantial showing of the denial of a constitutional right or raised a debatable issue among reasonable jurists, this Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

The Government's motion to dismiss is GRANTED and Movant's motion to vacate, set aside, or correct his sentence is DENIED. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   October 19, 2022                     /s/ Greg Kays
                                                                                GREG KAYS, JUDGE
                                                                                UNITED STATES DISTRICT COURT